IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHIELA MEHRA<br>and<br>WASHESH MEHRA<br><br>     **Plaintiffs,**<br> vs.<br><br>DITECH FINANCIAL LLC<br>and<br>EQUIFAX INFORMATION<br>SERVICES LLC<br>and<br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.<br>     **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Civil Action No.**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

### **I. Preliminary Statement**

1. This is an action for damages brought by individual consumers against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq*.

### **II. Jurisdiction and Venue**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### **III. Parties**

4. Plaintiffs Shiela and Washesh Mehra are adult individuals residing in the state of Texas.

5. Defendant Ditech Financial LLC ("Ditech") is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1100 Virginia Drive, Suite 100A, Ft. Washington, PA 19034.

6. Defendant Equifax Information Services LLC ("Equifax") is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7. Defendant Experian Information Systems, Inc. ("Experian") is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

### IV.     Factual Allegations

8. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiffs and Plaintiffs' credit history to third parties ("inaccurate information") from at least May 2015 through present.

9. The inaccurate information includes, but is not limited to, an account with Ditech.

10. The inaccurate information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility as a debtor and Plaintiffs' credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiffs.

11. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

12. Plaintiffs have disputed the inaccurate information with Defendants by both oral and written communications to their representatives and by following Equifax and Experian's established procedures for disputing consumer credit information.

13. Plaintiffs have disputed the inaccurate information with Equifax and Experian from August 2015 through the present.

14. Notwithstanding Plaintiffs' efforts, Equifax and Experian have sent Plaintiffs correspondence indicating their intent to continue publishing the inaccurate information and Equifax and Experian continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax and Experian have repeatedly published and disseminated consumer reports to such third parties from at least August 2015 through the present.

15. Despite Plaintiffs' efforts, Equifax and Experian have never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiffs' disputes; (2) contacted any third parties that would have relevant information concerning Plaintiffs' disputes; (3) forwarded any relevant information concerning Plaintiffs' disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

16. Notwithstanding Plaintiffs' disputes, Ditech has also failed to conduct timely and reasonable investigations of Plaintiffs' disputes after being contacted by the relevant credit reporting agencies concerning Plaintiffs' disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above accounts as disputed.

17. Despite Plaintiffs' exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiffs.

18. As of result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress.

19. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiffs herein.

## Count I – Violations of the FCRA
**(Plaintiff v. Equifax and Experian)**

21. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

22. At all times pertinent hereto, Equifax and Experian were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23. At all times pertinent hereto, Plaintiffs were "consumers" as that term is defined by 15 U.S.C. § 1681a(c).

24. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax and Experian are liable to the Plaintiffs for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e and 1681i.

26. The conduct of Equifax and Experian was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiffs that are outlined more fully above and, as a result, Equifax and Experian are liable to Plaintiffs for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Count II – Violations of the FCRA
### (Plaintiff v. Ditech)

27. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

28. At all times pertinent hereto Ditech was a "person" as that term defined by 15 U.S.C. § 1681a(b).

29. Ditech violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

30. Ditech's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the plaintiff that are outlined more fully above, and as a result Ditech is liable to compensate plaintiff for the full amount of statutory,

actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

## Jury Trial Demand

31. Plaintiff demands trial by jury on all issues so triable.

## Prayer for Relief

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN
GEOFFREY H. BASKERVILLE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Dated: November 16, 2015